Lisa Morris CAPLINGER, Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 05–03–00749–CV.

Court of Appeals of Texas,
Dallas.

Aug. 12, 2004.

928

Charles W. McGarry, Dallas, for appellant.

Dennis D. Conder, Brad K. Westmoreland, Pamela J. Touchstone, Stacy & Conder, LLP, Dallas, for appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice WRIGHT.

Lisa Morris Caplinger appeals a summary judgment rendered in favor of Allstate Insurance Company. In two points of error, Caplinger asserts the trial court erred in granting Allstate's motion for summary judgment and in denying her motion for summary judgment. We overrule Caplinger's points of error and affirm the trial court's judgment.

### BACKGROUND

In 1997, Caplinger was in an automobile accident with Hai Xvan Nguyen. At the time of the accident, the vehicle driven by Hai Xvan Nguyen was insured under a policy held by Nam Nguyen, Hai Xvan Nguyen's brother. Hai Xvan Nguyen was a covered person under the policy. Caplinger sued Hai Xvan Nguyen for injuries incurred as a result of the accident. Hai Xvan Nguyen failed to inform Allstate it had been served with citation or discovery requests. The trial court granted summary judgment in favor of Caplinger in the amount of $150,000.

Following entry of the judgment, Hai Xvan Nguyen requested that Allstate provide him coverage for the judgment. In response, Allstate sued Hai Xvan Nguyen and Caplinger seeking a declaratory judgment that it owed no obligation of defense or indemnity to Hai Xvan Nguyen for the allegations made against him by Caplinger.

Allstate moved for summary judgment on its claims. Subsequent to Allstate's motion for summary judgment but prior to

the hearing on that motion, Caplinger filed her second amended original answer wherein she first asserted counterclaims for breach of the *Stowers* doctrine and violations of the Texas Insurance Code and the Deceptive Trade Practices Act. The trial court granted summary judgment for Allstate on its claims and on the counterclaims.

Caplinger appealed the summary judgment to this Court. This Court transferred the case to the Waco Court of Appeals. The Waco court affirmed the summary judgment with regard to Allstate's declaratory judgment claims. It reversed the trial court's judgment to the extent that it granted summary judgment on Caplinger's counterclaims stating, "[b]ecause these grounds were not presented in Allstate's summary judgment motion, we are required to hold the district court erred in disposing of Caplinger's counterclaims in the court's summary judgment order."

On remand, Allstate filed a second motion for summary judgment addressing Caplinger's counterclaims. Caplinger also filed a motion for summary judgment. The trial court granted Allstate's second motion for summary judgment and denied Caplinger's motion. Caplinger timely appealed.

## STANDARD OF REVIEW

The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *See Kang v.*

*Hyundai Corp.,* 992 S.W.2d 499, 501 (Tex. App.-Dallas 1999, no pet.).

■ When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the propriety of both motions. *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). We determine all questions presented and render such judgment as the trial court should have rendered. *Id.*

## LAW OF THE CASE

In her two points of error, Caplinger asserts the trial court erred in granting Allstate's motion for summary judgment and in denying her motion. Allstate counters that the trial court properly granted its motion for summary judgment.

■ The "law of the case" doctrine mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings unless clearly erroneous. *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (2003). In *Briscoe,* the Texas Supreme Court explained that under the law of the case doctrine, the appellate court is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. The doctrine is the principle under which questions of law decided on appeal to a court of last resort govern the case in its subsequent stages. By narrowing the issues in later phases of the litigation, the doctrine, which is based on public policy and aimed at finality of litigation, is intended to achieve uniformity of decisions as well as judicial economy and efficiency. *Briscoe,* 102 S.W.3d at 716.

Prior to the first appeal, Allstate moved for summary judgment on its claims for declaratory relief. It relied on language in the policy providing that an insured must send copies to Allstate of any notices or legal papers received concerning the accident. Under the policy, if the insured fails

to provide Allstate with notice and such failure prejudices Allstate's defense, there is no liability coverage. The trial court granted summary judgment in favor of Allstate on its claims and also on Caplinger's counterclaims.

■ The Waco court of appeals affirmed the summary judgment in favor of Allstate on its declaratory judgment claims. It held that no coverage was afforded Hai Xvan Nguyen under the Allstate policy because of his failure to abide by the notice requirements under the policy. Allstate contends this holding constitutes law of the case.

Caplinger contends the law of the case doctrine is inapplicable for several reasons. First, she asserts that the discussion in the Waco court of appeals's opinion about Hai Xvan Nguyen's coverage under the policy is mere dictum. According to Caplinger, because the trial court ordered the counterclaims filed by Caplinger's attorney on Hai Xvan Nguyen's behalf stricken for lack of authority to file same, that it was not necessary for the Waco court to discuss Hai Xvan Nguyen's coverage under the policy. We disagree. Allstate *filed* the lawsuit naming both Hai Xvan Nguyen and Caplinger as defendants. Allstate sought declaratory judgment that it did not owe any duty to defend or indemnify Hai Xvan Nguyen under the policy. The trial court granted summary judgment in favor of Allstate on its claims against Caplinger *and* Hai Xvan Nguyen. Caplinger appealed the summary judgment. In reviewing the summary judgment, the Waco court necessarily reviewed the propriety of granting summary judgment on Allstate's claims. It held summary judgment in favor of Allstate on its claims for declaratory relief was proper.

■ Second, Caplinger contends the law of the case doctrine is inapplicable because the Waco court of appeals's holding on coverage was clearly erroneous. Caplinger sought review of the Waco court of appeals's opinion from the supreme court. The supreme court denied the petition. Where the supreme court declines an opportunity to review a court of appeals's opinion, that opinion is not clearly erroneous. *See Hurd Enterprises, Ltd. v. Bruni*, 828 S.W.2d 101, 106 (Tex.App.–San Antonio 1992, writ denied). For this reason, we decline Caplinger's invitation to review the Waco court of appeals's opinion.

Finally, she asserts the doctrine does not apply because the facts are more developed than they were in the first appeal. When Allstate first moved for summary judgment on its claims for declaratory relief, Caplinger did not bring forward any summary judgment evidence to dispute Allstate's claim that Hai Xvan Nguyen failed to provide Allstate with notice. In the first appeal, Caplinger argued that Allstate's summary judgment evidence should have been excluded because Allstate withheld the information from discovery under a claim of privilege. In overruling her argument, the Waco court noted that nothing in the record reflected that Allstate relied on the withheld information in seeking summary judgment. The alleged new facts Caplinger now relies on are Allstate's privilege log and additional excerpts from the deposition of Allstate's adjuster. The adjuster's entire deposition testimony was available when Allstate filed its first motion for summary judgment. Thus, nothing contained therein should constitute "new" facts. With regard to the privilege log, nothing in the record suggests that the privilege log was not available when Allstate first moved for summary judgment. Moreover, we fail to see how Allstate's privilege log leads to more developed facts. Caplinger's alleged "new" facts do not render the law of the case doctrine inapplicable.

Under the law of the case doctrine, we must abide by the Waco court of appeals's

determination that no coverage was afforded Hai Xvan Nguyen under the Allstate policy because of his failure to abide by the notice requirements under the policy. Following remand of Caplinger's counterclaims not addressed in Allstate's first motion for summary judgment, Allstate filed a second motion addressing her counterclaims. Allstate relied on the Waco court of appeals's holding that Hai Xvan Nguyen was not covered under the Allstate policy.

Caplinger asserted her counterclaims "individually and as owner of the rights, title and interests of Hai Xvan Nguyen." In her brief, Caplinger addresses only her right to sue as an assignee of Hai Xvan Nguyen's rights. Because Hai Xvan Nguyen had no claims to assert against Allstate, Caplinger had no claims to assert as owner of his rights. Therefore, in light of the coverage determination by the Waco court of appeals, whether Caplinger has a valid assignment of rights is irrelevant.

■■ Allstate also moved for summary judgment on the ground that Caplinger could not assert the counterclaims against Allstate in her individual capacity. Third-party claimants lack standing to assert direct claims against an insurance company for violations of article 21.21 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149–50 (Tex.1994); *Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 273–74 (Tex.1995). A third-party also lacks standing to assert a cause of action for negligent mishandling of an insurance claim because such claim belongs only to the insured. *Whatley v. City of Dallas,* 758 S.W.2d 301, 307 (Tex. App.-Dallas 1988, writ denied). As a third-party claimant against an insurance company, Caplinger had no standing to assert her counterclaims.

We conclude the trial court properly granted Allstate's motion for summary judgment. We overrule Caplinger's first and second points of error. We affirm the trial court's judgment.