**Affirmed and Memorandum Opinion filed January 30, 2025.**



**In The**

# Fifteenth Court of Appeals

---

### NO. 15-24-00059-CV

---

### ROY ERIKSEN, Appellant

### V.

### JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF TEXAS, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2019-76841**

---

### OPINION

This is the third appeal arising from a suit brought by a group of candidates, including appellant Roy Eriksen, challenging a provision in the Texas Election Code that requires political candidates nominated by the convention process to either pay a filing fee or submit a signature petition in order to appear on the general election ballot (the "filing-fee-or-petition requirement").[1] On appeal,

---

[1] *See generally Nelson v. Dikeman*, No. 14-22-00091-CV, 2023 WL 3882042 (Tex. App.— Houston [14th Dist.] June 8, 2023, no pet.) (mem. op.); *Hughs v. Dikeman*, 631 S.W.3d 362

Eriksen contends that the trial court erred in granting the Secretary of State's plea to the jurisdiction and dismissing his suit. Applying the doctrine of law of the case, we conclude that Eriksen has failed to plead a claim for which sovereign immunity is waived. Consequently, we affirm the trial court's judgment.

## BACKGROUND

In October 2019, Eriksen and eight other plaintiffs who were seeking the Texas Libertarian Party's nominations for various county, district, and state offices filed suit against the Secretary of State, asserting claims for injunctive and declaratory relief. Specifically, the plaintiffs challenged (1) Section 141.041 of the Texas Election Code, setting out the filing-fee-or-petition requirement for political candidates nominated by convention,[2] and (2) an advisory promulgated by the Secretary in August 2019, interpreting the statutory filing-fee-or-petition requirement and specifying the deadline for compliance (the "Advisory").[3] When the suit was filed, Section 141.041 stated, in relevant part:

> (a)    In addition to any other requirements, to be eligible to be placed on the ballot for the general election for state and county offices, *a candidate who is nominated by convention . . . must*

---

(Tex. App.—Houston [14th Dist.] 2020, pet. denied).

[2] Act of May 20, 2019, 86th Leg., R.S., ch. 821, §§ 1-3, 2019 Tex. Gen. Laws 2282 (amended and transferred in 2021, current version at Tex. Elec. Code § 181.0311) (hereafter "Former Tex. Elec. Code § 141.041").

[3] In Texas, political parties nominate candidates for public office by either a primary election or a convention. *See* Tex. Elec. Code §§ 172.001-02; 181.002-003. The method a party uses is based on its level of support in the most recent gubernatorial election. *Id*. § 172.001. For the 2020 general election, the Libertarian Party selected its general-election nominees by convention.

(1)    *pay a filing fee to the secretary of state . . . ; or*

(2)    submit to the secretary of state . . . *a petition in lieu of a filing fee* that satisfies the requirements prescribed by Subsection (e) and Section 141.062.

Former Tex. Elec. Code § 141.041(a) (emphasis added). Under the Secretary's Advisory, candidates seeking nomination by convention for the 2020 election were required to pay the filing fee or submit a petition in lieu of the fee "along with their application for nomination . . . by 6:00 PM on December 9, 2019." Tex. Sec'y of State Op. JN-13 (2019); *see* former Tex. Elec. Code § 141.041(f) (providing that Secretary "shall adopt rules as necessary to implement this section"). In other words, Libertarian candidates were required to comply with the filing-fee-or-petition requirement *before* ultimately securing their party's nomination by convention.

In their suit, Eriksen and the other plaintiffs sought to temporarily enjoin enforcement of the filing-fee-or-petition requirement under both Section 141.041 and the Advisory. As to their challenge to Section 141.041, the plaintiffs asserted that the filing-fee-or-petition requirement violated various provisions of the Texas Constitution and placed an unreasonable burden on minor-party nominees. *See* Tex. Const. art. 1, §§ 3, 8, 19, 27. As to their challenge to the Advisory, the plaintiffs claimed that the Advisory's pre-nomination deadline for complying with the filing-fee-or-petition requirement was ultra vires because it conflicted with Section 141.041's compliance deadline. *See e.g., Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016) (explaining that officer acts ultra vires "if he exceeds the bounds of his granted authority or if his acts

3

conflict with the law itself").

In response, the Secretary filed a plea to the jurisdiction. In December 2019, the trial court denied the Secretary's jurisdictional plea and granted the plaintiffs' request for a temporary injunction. Specifically, the trial court temporarily enjoined the Secretary from refusing to accept or rejecting applications for nomination from third-party candidates and from refusing to certify third-party nominees for the general election on the ground that the applicants had not complied with the filing-fee-or-petition requirement "at the time of filing or any other time." The Secretary appealed the trial court's interlocutory rulings. Tex. Civ. Prac. & Rem. Code § 51.014(a)(4), (8) (authorizing interlocutory appeal).

In *Hughs v. Dikeman*, 631 S.W.3d 362, 370 (Tex. App.—Houston [14th Dist.] 2020, pet. denied), the Fourteenth Court of Appeals affirmed the trial court's jurisdictional ruling and grant of injunctive relief as to the plaintiffs' challenge to the Advisory. The court concluded that the plaintiffs had asserted a valid ultra vires claim to the extent the Advisory applied the filing-fee-or-petition requirement to candidates seeking nomination (i.e., *before* securing the nomination by convention) because Section 141.041, by its plain language, applied the requirement only to candidates who had been nominated (i.e., *after* securing the nomination by convention). *Id.* at 381-82. In contrast, the court reversed the trial court's jurisdictional ruling and grant of injunctive relief as to the plaintiffs' constitutional challenge to the statutory filing-fee-or-petition requirement. *Id.* The court explained that "Section 141.041 imposes reasonable and non-discriminatory restrictions that are sufficiently justified by the State's interest in requiring candidates to show a modicum of support to guarantee that their names will be on the general-election ballot." *Id.* at 380. In sum, the appellate court concluded that Eriksen and the other plaintiffs had not made "the showing necessary to waive

sovereign immunity with respect to their claim challenging Section 141.041" but that they could proceed on their claim challenging the Advisory under the ultra vires exception to sovereign immunity. *Id.* at 382.

In 2021, the Legislature amended the Election Code, moving the filing-fee-or-petition requirement from Section 141.041 to Section 181.0311 of the Election Code and modifying it to state that the fee must be paid or the petition filed "to be considered for nomination at the convention." *See* Act of May 13, 2021, 87th Leg., R.S., ch. 149, § 1, 2021 Tex. Gen. Laws 334 (codified at Tex. Elec. Code § 181.0311(a)). Effectively, the Legislature amended the statutory deadline for complying with the filing-fee-or-petition requirement such that a candidate must now comply before securing the nomination by convention. As a result, the Secretary filed a motion to dissolve the temporary injunction on the basis that there had been a material change in the law. Before the hearing on the motion to dissolve, Eriksen, by then the only remaining plaintiff, amended his petition to challenge the constitutionality of the filing-fee-or-petition requirement under Section 181.0311, including a claim that the statute is unconstitutionally vague due to the lack of a specific compliance deadline.

After the trial court denied the motion to dissolve, the Secretary filed a second interlocutory appeal. *Nelson v. Dikeman*, No. 14-22-00091-CV, 2023 WL 3882042, at * (Tex. App.—Houston [14th Dist.] June 8, 2023, no pet.) (mem. op.); *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). On review, the Fourteenth Court of Appeals concluded that the amended filing-fee-or-petition requirement, now found in Section 181.0311, applied as a "prerequisite to nomination rather than only after a candidate is actually nominated" and that this "change in the law nullifies this court's basis for upholding the temporary injunction." *Id.* at *3. Thus, without considering Eriksen's pending constitutional challenge to Section

181.0311, the court of appeals reversed the trial court's ruling on the Secretary's motion to dissolve and rendered a judgment dissolving the temporary injunction. *Id.*

On remand, Eriksen proceeded to litigate his claim that Section 181.0311's filing-fee-or-petition requirement, made administratively enforceable through Section 145.003(f)(3), violates the Texas Constitution.[4] *See* Tex. Elec. Code § 145.003(f)(3). In March 2023, the Secretary filed another plea to the jurisdiction, asserting that the entire controversy had become moot because Eriksen is no longer a candidate for office, and, alternatively, that Eriksen's claims are barred by sovereign immunity because (1) his constitutional challenges to the filing-fee-or-petition requirement have already been considered, rejected, and dismissed on appeal, and (2) his challenge to Section 181.0311 as unconstitutionally vague is without merit. Without specifying the grounds on which it was relying, the trial court granted the Secretary's plea and dismissed the suit. In this third appeal, Eriksen asserts that the trial court erred in granting the plea and dismissing his challenge to Section 181.0311.[5]

---

[4] As of September 1, 2023, the Secretary may administratively declare a candidate ineligible, up to 74 days before the election day, if the candidate "fails to pay the filing fee or submit a petition in lieu of a filing fee." *See* Act of May 21, 2023, 88th Leg., R.S., Ch. 1150, § 3, 2023 Tex. Gen. Laws 3523 (codified at Tex. Elec. Code § 145.003(b)(3), (f)(3), (f-1)).

[5] In his appellant's brief, Eriksen acknowledges that he no longer seeks relief under an ultra vires theory, explaining that "[r]eference to the Advisory in the relief section of Appellant's live pleadings was an artifact leftover from prior pleadings." Thus, to the extent the trial court dismissed whatever remained of Eriksen's ultra vires claim when it dissolved the temporary injunction, we conclude that he has waived that issue on appeal. *See* Tex. R. App. P. 38.1 (setting forth briefing requirements).

**STANDARD OF REVIEW**

A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a court has jurisdiction is a question of law, *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 451 (Tex. 2020), and we review a trial court's ruling on a plea to the jurisdiction de novo, *Houston Belt,* 487 S.W.3d at 160.

The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). When the plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, as in this case, we must determine "if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Houston Belt,* 487 S.W.3d at 160. In determining whether the plaintiff has met that burden, we liberally construe the pleadings, taking all factual assertions as true and looking to the plaintiff's intent. *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). If the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without affording the plaintiff an opportunity to replead. *Miranda*, 133 S.W.3d at 226.

**ANALYSIS**

Sovereign immunity generally bars suits against the State and its agencies, absent a clear and unambiguous waiver of immunity by the Legislature. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it may be properly asserted in a plea to the jurisdiction. *Houston Belt*, 487 S.W.3d at 160. The UDJA generally waives immunity for declaratory-judgment claims challenging the constitutionality of

7

statutes.  *Abbott v. Mexican Am. Leg. Caucus*, 647 S.W.3d 681, 698 (Tex. 2022); *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (noting that "sovereign immunity does not bar a suit to vindicate constitutional rights"); *see* Tex. Civ. Prac. & Rem. Code § 37.004(a) (Uniform Declaratory Judgment Act).  To demonstrate that a claim falls within the scope of this waiver, the plaintiff must do more than merely label a cause of action and assert the existence of a constitutional violation.  *See Dikeman*, 631 S.W.3d at 373 (citing *Klum*b, 458 S.W.3d at 13-14).  If the constitutional claim is facially invalid, immunity from suit is not waived.  *Mexican Am. Leg. Caucus*, 647 S.W.3d at 698.

In her plea to the jurisdiction, and now on appeal, the Secretary contends that Eriksen's current constitutional challenge to the statutory filing-fee-or-petition requirement is identical to that previously presented by Eriksen and his co-plaintiffs and rejected by the Fourteenth Court of Appeals in *Dikeman*, 631 S.W.3d at 380, albeit to the prior version of the requirement.  As previously discussed, the court in *Dikeman* considered, in part, whether the trial court erred in failing to dismiss for want of jurisdiction Eriksen and the other plaintiffs' claims that Section 141.041's filing-fee-or-petition requirement violated the Texas Constitution—namely, article 1, section 3 (equal protection), section 8 (free speech), article 19 (due process), and section 27 (assembly).  In conducting this analysis, the appellate court analyzed the plaintiffs' claims under the framework for evaluating elections laws established by the Supreme Court in *Anderson v. Celebreze*, 460 U.S. 780, 788-90 (1983), as refined in *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).[6]

---

[6] In *Anderson v. Celebreze*, the Supreme Court instructed lower courts to evaluate constitutional challenges to election laws by considering the "character and magnitude of the asserted injury" posed by the statutes to the plaintiff's asserted right, and then weighing that against "the precise interests put forward by the State as justification."  460 U.S. 780, 790 (1983). In *Burdick v. Takushi*, the Court clarified that when state regulation imposes severe restrictions on voters' rights, the regulation must be narrowly drawn to advance a compelling government interest.  504 U.S. 428, 434 (1992).  However, where the restrictions are reasonable

*Dikeman*, 631 S.W.3d at 375.

Applying the *Anderson/Burdick* framework, the appellate court first analyzed "the character and magnitude of the asserted injury" posed to the plaintiffs' asserted right to placement on the general election ballot. *Id.* at 377. The court concluded that Section 141.041 imposed only "reasonable and nondiscriminatory restrictions" and thus did not require a strict scrutiny standard of review. *Id.* The court explained that the filing-fee-or-petition requirement also applied to major-party candidates seeking placement on the primary ballot, that the amount of the fees and petition signatures required was not extreme, and that the differences as to whom fees are paid and petitions filed did not "disproportionately increase the burden on a minor-party nominee's compliance." *Id.* at 378. The court of appeals then considered the State's interest in "preventing voter confusion, ballot overcrowding, or the presence of frivolous candidates" and concluded that these "precise interests outweigh the character and magnitude [of the harm]" and "bear a reasonable relationship to the restrictions imposed by section 141.041." *Id.*; *see Anderson*, 460 U.S. at 788. Consequently, the appellate court in *Dikeman* concluded that Eriksen and the other plaintiffs had failed to plead a viable constitutional claim challenging the filing-fee-or-petition requirement in Section 141.041 and that, consequently, their claims were barred by sovereign immunity. *Id.* at 380.

In her plea to the jurisdiction, and now on appeal, the Secretary argues that for the reasons discussed by the court in *Dikeman*, Eriksen's current constitutional challenge to the Election Code's filing-fee-or-petition requirement is also facially invalid and barred by sovereign immunity. The Secretary's argument implicates

---

and nondiscriminatory, the State's important regulatory interests usually suffice to justify the restrictions. *Id.*

the law-of-the-case doctrine. Under this doctrine, an appellate court's decision on an issue of law is generally binding in a later appeal in the same case. *Paradigm Oil, Inc v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)). In addition, when an appellate court remands a case for further trial court proceedings, the issues decided on appeal will be regarded as the law of the case and thus govern the case throughout its subsequent stages. *Briscoe*, 102 S.W.3d at 716. *But cf. Paradigm Oil*, 372 S.W.3d at 182-83 (noting that law-of-the-case doctrine does not bind Texas Supreme Court on issues before it for first time). Texas courts of appeals have consistently applied the law-of-the-case doctrine to prior decisions in the same case by sister courts of appeals. *See City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006) (recognizing that court of appeals applied law of case to prior decision in case by sister court of appeals); *Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 338 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (applying law-of-the-case doctrine to prior decision by sister court of appeal in subsequent appeal); *Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 930-31 (Tex. App.—Dallas 2004, pet. denied) (same).

Functionally, the law-of-the-case doctrine narrows the issues in successive stages of the litigation with the aim of achieving finality and uniformity of decisions and promoting judicial economy and efficiency. *Briscoe*, 102 S.W.3d at 716. Application of the doctrine is flexible, however, and is left to the discretion of the court, under the particular circumstances of each case. *Jackson*, 192 S.W.3d at 769. For example, the doctrine does not necessarily apply if the issues and facts are not substantially the same in the subsequent proceedings. *Entergy Gulf States, Inc. Public Util. Comm'n of Tex.*, 112 S.W.3d 208, 213 (Tex. App.—Austin 2003, pet. denied) (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)).

Similarly, a court is not bound by its prior decision when the earlier decision is clearly erroneous. *Briscoe*, 102 S.W.3d at 716.

In response to the Secretary's argument that Eriksen's challenge to the constitutionality of the filing-fee-or-petition requirement has already been considered and rejected in this case, Eriksen points out that after the appellate court's decision in *Dikeman*, the Legislature amended the Election Code. Specifically, as previously discussed, the Legislature moved the filing-fee-or-petition requirement from Section 141.041 to Section 181.0311 of the Election Code and, at the same time, effectively modified the deadline for compliance by stating that the fee must be paid or the petition filed "to be considered for nomination at the convention." Tex. Elec. Code § 181.0311. In addition, in 2023 the Legislature amended Section 145 of the Election Code to provide that the Secretary of State may administratively declare that a candidate is ineligible if, among other things, "the candidate fails to pay the filing fee or submit a petition in lieu of a filing fee." *Id.* § 145.003(f)(3), (f-1). Eriksen reasons that the court of appeals' decision in *Dikeman* is not binding because he currently challenges Section 181.0311 of the Election Code, now administratively enforceable through Section 145.003, and because neither of these provisions "was the subject of any previous trial court ruling or appeal."

Eriksen is correct, in the most technical sense, that he is not currently challenging Section 141.041. Liberally construing Eriksen's pleadings, however, we conclude that the relevant facts and legal issues presented in Eriksen's current challenge to Section 181.0311 are the same as those presented in his previous challenge to Section 141.041. In his current constitutional challenge, Eriksen claims that the "2021 law [Section 181.0311 of the Election Code], compounded by the 2023 law [Section 145.003(f)(3) of the Election Code] is unreasonable and

11

discriminatory and violates Plaintiff's rights under [the Texas Constitution]." As he did when challenging Section 141.041, Eriksen complains that the statutory filing-fee requirement under Section 181.0311 is unreasonable and interferes with his right to access the general-election ballot; that the State has "no interest in the Libertarian Party's nomination process"; and that the filing of a petition is not a reasonable alternative to the filing-fee requirement.

In addition, although we recognize that the Legislature modified the deadline for compliance when it moved the filing-fee-or-petition requirement from Section 141.041 to Section 181.0311, "[t]he thrust of the requirement remains the same: either pay a filing fee or submit a signature petition for placement on the general-election ballot."[7] *See Dikeman*, 631 S.W.3d at 378 (explaining that difference in details between filing-fee-or-petition requirements for major parties and minor parties did not disproportionately increase burden on minor-party candidates). Moreover, Eriksen does not allege in his petition or argue in his appellate brief that the modified deadline, standing alone or in combination with other requirements, constitutes a "'severe' restriction" on the ability of candidates to comply with the requirement. *See Burdick*, 504 U.S. at 434. Therefore, to the extent Eriksen now challenges Section 181.0311's filing-fee-or-petition requirement on the same constitutional grounds that he previously challenged Section 141.041, we conclude that the law-of-the-case doctrine applies, the court of appeals' decision in *Dikeman* was not clearly erroneous, and Eriksen has failed to assert a viable constitutional challenge to the Election Code's filing-fee-or-petition requirement.

Next, we consider Eriksen's new and independent complaint that Section

---

[7] Eriksen acknowledges as much in his pleadings. For instance, Eriksen states that "[s]everal significant features of Texas election law relevant to this suit did not change under the 2021 or the 2023 law" and that "[t]he constitutionality of requiring parties that nominate by convention to pay the same filing fees as parties that nominate by primary remains at issue."

181.0311 is unconstitutionally vague because it fails to include a specific deadline for complying with the filing-fee-or-petition requirement. A vague statute offends due process in two respects: it "fails to give fair notice of what conduct may be punished, forcing ordinary people to guess at the statute's meaning," and "the statute's language is so unclear it invites arbitrary or discriminatory enforcement." *Texas Dep't of Insur. v. Stonewater Roofing, Ltd. Co.*, 696 S.W.3d 646, 665 (Tex. 2024). To determine whether a statute is unconstitutionally vague, we begin with a presumption of validity and place the burden on the party urging unconstitutionality. *Traveler's Indem. Co. v. Fuller*, 892 S.W.2d 848, 850 (Tex. 1995). Civil statutes are generally afforded greater tolerance "because the consequences of imprecision are qualitatively less severe." *Adame v. 3M Co.*, 585 S.W.3d 127, 139 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *see Stonewater Roofing*, 696 S.W.3d at 661 (explaining that statutes authorizing criminal penalties "carry more severe consequences" and "may warrant more precision that when only civil penalties are at stake"). A civil statute violates due process only if it requires compliance in terms "so vague and indefinite as really to be no rule or standard at all." *Id.* (quoting *A.B. Small Co. v. American Sugar Ref. Co.*, 267 U.S. 233, 239-40 (1925)).

Section 181.0311 states that the filing fee must be paid or the petition filed "to be considered for nomination by convention." Tex. Elec. Code § 181.0311(a). Thus, by its plain language, the statute requires a candidate to comply with the filing-fee-or-petition requirement before the nomination-by-convention process concludes, at the latest. Moreover, to the extent the statute is silent as to a specific deadline, the Secretary, in her capacity as the state's chief elections officer, charged with maintaining "uniformity in application, operation, and interpretation of [the Election Code]" *see id.* §§ 31.001, .003, has set a deadline for compliance,

13

*see id.* § 181.0311(f) ("The secretary of state shall adopt rules as necessary to implement this section."). That is, the Secretary has interpreted the statute to mean that a candidate must comply with the filing-fee-or-petition requirement when they submit their application for nomination by convention. *See* Tex. Sec'y of State Op. JN-13 (2019); *see also* Texas Secretary of State, online document, *Filing in the Libertarian Party or Green Party 2024 Convention Process*, https://www.sos.state.tx.us/elections/candidates/guide/2024/lib-green-nom2024.shtml (last visited January 7, 2025). Under the Election Code, the application deadline for a candidate seeking nomination by convention is the same as that of a candidate seeking nomination by a primary election, *see* Tex. Elec. Code § 181.033, "not later than 6 p.m. on the second Monday of an odd-numbered year," *id.* § 172.023(a). We conclude that these Election Code provisions, together with the Secretary's guidance, adequately inform candidates such as Eriksen as to the deadline for compliance with the filing-fee-or-petition requirement. *See Adame*, 585 S.W.3d at 127; c*f. Texas Antiquities Comm. v. Dallas Cty. Cmty. Coll. Dist.*, 554 S.W.2d 924, 928 (Tex. 1977) (noting that civil statute was unconstitutionally vague where there was "no standard or criteria either by statute or rule which afford safeguards for the affected parties"). Based on the allegations in Eriksen's pleadings, liberally construed, we conclude that he has failed to assert a facially viable constitutional challenge to Section 181.0311's compliance deadline.[8]

Because Eriksen has failed to assert a viable constitutional challenge to Section 181.0311's filing-fee-or-petition requirement, including its deadline for compliance, we conclude that his claims are barred by sovereign immunity.

---

[8] Because we conclude that the trial court lacks jurisdiction to consider Eriksen's claim based on sovereign immunity, we need not decide whether the trial court could have, alternatively, dismissed his claims based on mootness. *See* Tex. R. App. P. 47.1.

14

Consequently, the trial court did not err in granting the Secretary's plea to the jurisdiction and dismissing Eriksen's suit.

## CONCLUSION

We affirm the trial court's judgment of dismissal.

/s/ Scott K. Field

Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.