Michael BRISCOE, Petitioner,

v.

GOODMARK CORP., Richard C.
Poe, and Dick Poe Motors,
Inc., Respondents.

No. 02–0498.

Supreme Court of Texas.

March 27, 2003.

Rehearing Denied May 22, 2003.

Randy Lee, Law Office of Randy Lee, El Paso, for Petitioner.

John P. Mobbs, Doris A. Sipes, El Paso, for Respondents.

Justice ENOCH delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice OWEN, Justice O'NEILL, Justice SCHNEIDER, and Justice SMITH joined.

On July 14, 2000, the trial court rendered judgment in favor of Goodmark Corporation, Richard C. Poe, and Dick Poe Motors, Inc., and against Michael Briscoe, based on jury findings after a trial on the merits. Briscoe filed a notice of appeal, but pointed out in his notice of appeal that he did not think he had a final judgment. The court of appeals agreed, and dismissed the appeal for want of jurisdiction. Back in the trial court, Goodmark moved for and obtained an order from the trial court declaring that its original judgment disposed of all parties and claims, and that the judgment was final and enforceable. Briscoe once again appealed; this time the court of appeals held that the original

judgment had indeed been a final judgment, and dismissed the second appeal for want of jurisdiction because Briscoe's second appeal had not been timely filed. Under the law of the case doctrine, the court of appeals had the authority to reconsider its first dismissal of the appeal, and to change that first decision if it was clearly erroneous.[1] However, the court of appeals should not have dismissed the second appeal for want of jurisdiction. Rather, having found that there was a final, appealable judgment, it should have considered the merits of Briscoe's first appeal. We grant Briscoe's petition and, without hearing oral argument,[2] reverse the court of appeals' dismissal of Briscoe's appeal for want of jurisdiction, and remand the appeal to that court to consider Briscoe's remaining issues.

On July 14, 2000, after a jury trial, the trial court signed a "Final Judgment." That order awarded damages, as well as pre- and post-judgment interest, attorney's fees, and costs to Poe and Poe Motors, Inc. The final phrase of each section of the judgment reads simply: "for all of which let execution issue." Briscoe timely filed a motion for new trial, partly on the basis that the judgment did not appear to be final because it did not dispose of all claims and parties. The trial court denied the motion for new trial on September 20, 2000, declaring that its judgment disposed of all parties and was final.

Briscoe timely filed a notice of appeal in the court of appeals. Still not convinced that he had a final judgment, Briscoe pointed out in his notice of appeal the possibility that the judgment was not final. The court of appeals apparently agreed that there was a question about finality, for it asked the parties to respond within

---

1. *Kempner v. Huddleston,* 90 Tex. 182, 37 S.W. 1066, 1066–67 (1896).

2. Tex.R.App. P. 59.1.

ten days showing grounds to continue the appeal. Briscoe filed nothing further, having already brought the question of finality to the court's attention in his notice of appeal. Receiving no response from Goodmark that the judgment was final, and before even reaching the briefing stage, the court of appeals issued a judgment on January 19, 2001. That judgment dismissed the appeal for want of jurisdiction, but also included the statement that "the trial court is authorized to enforce its judgment and this decision be certified below for observance." Both parties, perplexed by the order, responded with motions—Briscoe for reconsideration and clarification of judgment and opinion, Goodmark for clarification or alternatively for rehearing. On February 7, 2001, the court of appeals denied both motions, once again dismissing the appeal based on the record and this time succinctly concluding "that the complained of judgment is not a final judgment."

Goodmark did not appeal the court of appeals' decision to this Court. Rather, Goodmark brought a motion in the trial court for interpretation of the judgment. In response to that motion and after a hearing, the trial court, on March 23, 2001, issued an "Order on Motion for Interpretation of Judgment." In that order, the trial court found that its July 14, 2000, judgment had disposed of all parties and issues and that it was a final enforceable judgment. Briscoe filed another notice of appeal within thirty days of the interpretive order. This time, the court of appeals held that the trial court's original July 14,

2000, judgment was indeed final, that Briscoe had not therefore timely filed an appeal (since it was now nine months since the original final judgment was rendered), and dismissed the appeal for want of jurisdiction. Briscoe appeals the second dismissal.

 Under the law of the case doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. The law of the case doctrine states as follows:

> The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation.[3]

A decision rendered on an issue before the appellate court does not absolutely bar reconsideration of the same issue on a second appeal.[4] Application of the doctrine lies within the discretion of the court, depending on the particular circumstances surrounding that case.[5]

 The Court has long recognized as an exception to the law of the case doctrine that if the appellate court's original decision is clearly erroneous, the court is not required to adhere to its original rulings.[6] "It would be unthinkable for [the court], after having granted the writ, reconsid-

---

3. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986) (citations omitted).

4. *Kempner,* 37 S.W. at 1066.

5. *Id.* at 1067; *accord Conn. Gen. Life Ins. Co. v. Bryson,* 148 Tex. 86, 219 S.W.2d 799, 800 (1949); *Miller v. Winn,* 28 S.W.2d 578, 580 (Tex.Civ.App.-Fort Worth 1930, writ ref'd);

see also *Howlett v. State,* 994 S.W.2d 663, 666 (Tex.Crim.App.1999); *Ex parte Granger,* 850 S.W.2d 513, 516 (Tex.Crim.App.1993).

6. *Galveston, Harrisburg & San Antonio Ry. Co. v. Faber,* 77 Tex. 153, 8 S.W. 64, 65 (1888).

ered the case, and arrived at the conclusion that the opinion on the former appeal was clearly erroneous, to hold that it is bound by considerations of consistency to perpetuate that error. Our duty to administer justice under the law, as we conceive it, outweighs our duty to be consistent."[7]

█ Because application of the law of the case doctrine is discretionary, the court of appeals had the authority to revisit its jurisdictional decision. Finding clear error in its first decision, it had the power to overturn that first decision on the second appeal. Based on the incomplete record before it at the time of the first appeal, and because it did not receive any additional briefing from the parties, the court of appeals dismissed for want of jurisdiction because it did not appear that there was a final judgment in the case. On the second appeal, armed with a complete record and more extensive briefing, as well as a positive statement from the trial court that its July 14, 2000, judgment was indeed final, the court of appeals was then able to hold that a final, appealable order had indeed been issued on July 14, 2000. Because its first decision was clearly erroneous, the law of the case doctrine did not apply and the court of appeals was not bound by its first decision.

Being incorrect in that decision, however, does not mean that the court of appeals was correct in dismissing this appeal for want of jurisdiction. As incorrect as that decision was, as a matter of law, the judgment was then interlocutory. Consequently, the court should have asserted jurisdiction over Briscoe's second appeal and considered his issues on the merits. This is consistent with our oft-repeated position that a party should not lose the right to appeal because of an "overly tech-

nical" application of the law.[8] Here, Briscoe did everything that he possibly could to preserve his appellate rights. The court of appeals originally held that the July 2000, judgment was not final. Briscoe should not now have to lose his appellate rights because the court of appeals later found that its original decision was erroneous.

We reverse the court of appeals' judgment dismissing the appeal and remand the matter back to the court of appeals to consider the merits of Briscoe's appeal.

Justice JEFFERSON filed a concurring opinion.

Justice WAINWRIGHT did not participate in the decision.

Justice JEFFERSON, concurring.

Although I agree with the Court that we should reverse the court of appeals' judgment and remand the case for consideration of the merits, I write separately because I am concerned that the Court's opinion might encourage other litigants to file "conditional" notices of appeal questioning the finality of patently final judgments. Such equivocal appeals would have a pernicious effect on our already troubled finality jurisprudence. In this case, for example, Briscoe's conditional appeal delayed disposition of the merits and threatened to disturb what had always been a final judgment. Nevertheless, because the appellees declined the court of appeals' invitation to address the judgment's finality, they cannot now complain that the court accepted Briscoe's faulty analysis. For this reason and others expressed below, I concur in the judgment.

---

7. *Conn. Gen. Life Ins. Co.,* 219 S.W.2d at 800.

8. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001); *Verburgt v. Dorner,* 959 S.W.2d 615, 616–617 (Tex.1997).

There is no question that the trial court signed a final judgment on July 14, 2000. Goodmark Corp., Richard C. Poe, and Dick Poe Motors, Inc. ("Goodmark"), sued Briscoe to recover on five promissory notes and eight salary advances. Briscoe filed a counterclaim alleging that the promissory notes were usurious. The trial court signed a partial summary judgment against Briscoe, concluding that his "claims and defenses of usury" were without merit. After a jury trial on the remaining claims, the trial court rendered a "Final Judgment" adverse to Briscoe, awarding Goodmark approximately $900,000.00.

In Texas, a trial court's judgment need not expressly dispose of all issues and claims to be final. In *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966), this Court explained:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered ... it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

Thus, unless the trial court orders a separate trial to resolve a specific dispute, there is a presumption that the trial court's judgment disposed of all of the plaintiff's claims, as well as any cross-actions and counterclaims. *Id.* at 898. If there is any question about the trial court's intent, "[f]inality 'must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'" *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex.1996).

Here, although finality of the trial court's judgment was never seriously in question, Briscoe's motion for new trial asserted that "the Court's 'Final Judgment' is not final because it does not dispose of all claims and all parties." *Aldridge*, of course, defeats Briscoe's assertion.[1] Even if *Aldridge* were somehow inapplicable, the trial court dispelled any unreasonable doubt about the judgment's finality in its September 20, 2000 order overruling Briscoe's motion for new trial:

> The Defendant Michael Briscoe in his Third Original Answer disclaimed all interest in any counter-claims except as to usury.... The Court in its Order grant[ing] a partial summary judgment found as a matter of law that there was no usury as to the notes in question. [Briscoe] in his issues and instructions requested no affirmative relief against Richard Marston or Richard Poe II and asserted only defenses to the Plaintiffs' unpaid notes. *The Court finds that the Judgment heretofore entered disposes of all of the parties and is a Final Judgment.*

(emphasis added). Combined with the presumptively-final judgment, this language reiterates finality with unmistakable clarity. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex.2001) (language stating "[t]his judgment finally disposes of all parties and all claims and is appealable" would leave no doubt about the court's

---

1. Assuming for purposes of argument that a reasonable question existed concerning finality, other avenues were available for Briscoe to secure a final judgment. *See, e.g.,* Elaine A. Carlson & Karlene S. Dunn, *Navigating Procedural Minefields: Nuances in Determining Finality of Judgments, Plenary Powers, and Appealability,* 41 S. TEX. L.REV. 953, 1001–08 (2000).

intention). Consequently, there is no merit to Briscoe's contention that, because the court's final judgment did not expressly recite all names or mention dead claims, the trial court's judgment was interlocutory. *See Aldridge*, 400 S.W.2d at 897–98.

Instead of accepting the finality of the trial court's judgment, however, Briscoe muddied the appellate waters by requesting in his notice of appeal "guidance" from the court of appeals on the judgment's finality. But in cases like this, "[t]he presumption that a judgment rendered after a conventional trial on the merits is final and appealable has proved fairly workable for nearly a century." *Lehmann*, 39 S.W.3d at 199. We should not allow litigants to foist on appellate courts a responsibility to provide advice on rudimentary rules of appellate practice. Thus, when finality is not reasonably in question, there is no possible justification either for perfecting a qualified appeal or for seeking appellate counsel from the judiciary.

Although Briscoe is responsible for the delay and expense, Goodmark is not without fault. Goodmark had an opportunity to avert this protracted appeal simply by responding to the court of appeals' invitation to explain "why Briscoe's appeal should not be dismissed." Goodmark remained silent and left the court of appeals to determine on its own the trial court's true intent. While courts of appeals should review trial courts' judgments independently to determine their own jurisdiction, we expect the parties to assist those courts when requested to do so. When parties ignore a call for clarification, they should not be later heard to complain that the court of appeals erred in dismissing the appeal based on an erroneous conclusion that an obviously final judgment is interlocutory.

It should be noted that, of all the actors in this drama, only Judge Alvarez escapes unscathed. First, he disposed of Briscoe's claims by partial summary judgment. Then, he conducted a trial on the merits and signed a final judgment, which, by virtue of *Aldridge*, presumptively disposed of all claims and all parties. Judge Alvarez then reiterated the judgment's finality in his order overruling Briscoe's motion for new trial. Finally, on remand Judge Alvarez (by now, surely exasperated) was obliged to *again* declare "the judgment signed on July 14, 2000 disposed of all parties and issues in this case, and is a final, enforceable judgment."

Judge Alvarez's March 13, 2001 order interpreting the judgment raises a final (but not insignificant) problem with these proceedings. The Court's opinion today recognizes a right to appeal not from the final judgment, but from an order that simply declares for the second time the finality of an obviously final judgment. Had Briscoe asked the court of appeals to abate the appeal and remand the case to the trial court for that limited purpose, we would not face the procedural dilemma presented today. *See* TEX.R.APP. P. 27.2. But the quandary is not solved by the Court's conclusory statement that the court of appeals' first opinion somehow made an undisputedly final judgment "interlocutory." We should state the obvious—we are making an exception in this one case because, as everyone acknowledges, Briscoe and Goodmark led the court of appeals into error during the first appeal. It is a holding unsound in principle, but acceptable in equity.

Briscoe, Goodmark, and the court of appeals all aided in errors committed in Briscoe's first appeal. Briscoe is culpable for disregarding a patently final judgment and perfecting a qualified appeal. The Goodmark appellees, however, wasted an opportunity to keep the appeal on a proper course. Because Goodmark ignored the

court of appeals' request to explain why the appeal should not have been dismissed, I reluctantly agree that we should remand this case to the court of appeals for consideration of the merits.