Dismissed and Memorandum Opinion filed March 16, 2004









Dismissed and Memorandum Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00846-CV

NO. 14-03-00847-CV

____________

 

NATHAN
DALE CAMPBELL, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

____________________________________________________



On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 729,925 and 727,765 

 

____________________________________________________



M E M O R A N D U M   O P I N I O N

This is an appeal from the trial
court=s order
for involuntary outpatient commitment. 
In one issue, Nathan Dale Campbell argues the court=s order
is in error because there has been a Abreak in
the chain of commitments@ due to
the trial court=s failure
to render an order of commitment for the year 2001.  We dismiss the appeal as moot.




A.  Background
and Procedural History 


In 1996, appellant was indicted
for aggravated kidnapping and aggravated assault.  He waived a jury trial, and the trial court
found him not guilty by reason of insanity. 
Consequently, in 1997, appellant was committed to a mental health
facility pursuant to article 46.03 of the Code of Criminal Procedure. 

The trial court must conduct an
annual hearing to determine whether appellant continues to meet the criteria
for involuntary commitment.  See Tex. Code
Crim. Proc. art. 46.03, ' 4; Tex.
Health & Safety Code ' 574.035.  Each order of commitment issued
by the trial court expires after one year.  See Tex. Health
& Safety Code ' 574.035(h).  Appellant
has contested his commitment every year since 1999 and, as he acknowledges, has
Alost
every time.@ 
However, in 2002, this Court reversed the trial court=s 2001
commitment order and remanded for a new trial, concluding the trial court
submitted an erroneous jury charge (ACampbell III@).[1]  In May 2002, while the State=s motion
for rehearing in Campbell III was pending, the trial court conducted another
recommitment hearing to determine if appellant continued to meet the criteria
for involuntary commitment.[2]  Appellant demanded a jury trial on remand of
the 2001 commitment order, but the trial court denied the demand as moot on
September 19, 2002.  

Another commitment order was
issued by the trial court on May 31, 2002, which was appealed to this
Court.  See Campbell v. State, 118
S.W.3d 788, 793 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (ACampbell
IV@).  On appeal of the 2002 commitment order,
appellant argued that because the 2001 commitment order was reversed, there was
a Abreak in
the chain of commitments@ and he
should be released.  We overruled all of
appellant=s issues and affirmed the trial
court=s 2002
commitment order.  See Campbell,
118 S.W.3d at 805B06.








Appellant filed a petition for
review of our Campbell IV opinion. 
While appellant=s
petition was pending in the Texas Supreme Court, he filed this appeal Ato
ensure, that if he wins on petition for review,@ he does
not waive the Abreak in the chain of commitments@
argument.  On December 5, 2003, appellant=s
petition for review was denied.

B.  Analysis

Under the law of the case
doctrine, an appellate court is bound by its previous decision in a subsequent
appeal of the same case unless its previous decision is clearly erroneous.  Briscoe v. Goodmark Corp., 102 S.W.3d
714, 716 (Tex. 2003).  In this case, when
appellant appealed the trial court=s 2002
commitment order, he raised the very same argument he raises here and, relying
on State v. Roland,[3]
we squarely rejected appellant=s
argument in our Campbell IV opinion. 
See Campbell, 118 S.W.3d at 804B05.  As noted, appellant=s
petition for review of our Campbell IV opinion was recently denied;
therefore, we find our ruling on this issue in Campbell IV is the law of
the case.  Moreover, in his appellate
brief, appellant acknowledges that he previously raised this issue and lost,
but claims he raises the argument again only to ensure it is not waived should
he prevail on his petition for review. 
However, because appellant=s
petition was denied, there is no reason to continue to Apreserve@ this
issue.  Accordingly, we conclude
appellant=s Abreak in
the chain of commitments@ argument
arising from reversal of the 2001 commitment order is moot, and therefore we
dismiss this appeal.  See Tex. R. App. P. 43.2(f).   

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed March 16, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  See
Campbell v. State, 125 S.W.3d 1, 8 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  





[2]  The trial court can recommit
appellant only if it finds he meets the criteria for commitment set forth in
section 574.035 of the Health and Safety Code. 
See Tex.
Health & Safety Code ' 574.035; Campbell v. State, 118 S.W.3d 788, 793 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied).  The criteria relate to the
appellant=s dangerousness and mental
condition at the time of the hearing.  See
Campbell, 118 S.W.3d at 793.  





[3]  973 S.W.2d 665
(Tex. 1998).