ACCEPTED
04-15-00012-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/13/2015 12:54:54 PM
KEITH HOTTLE
CLERK

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

07/13/15 12:54:54 PM

KEITH E. HOTTLE
Clerk

No. 4-15-00012-CV

_____

# IN THE COURT OF APPEALS
# FOR THE FOURTH DISTRICT OF TEXAS
# AT SAN ANTONIO

_____

## JOHN E. RODARTE SR.
## APPELLANT
## V.
## BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL.
## APPELLEES

_____

## APPELLEES' MOTION TO DISMISS APPEAL

_____

TO THE HONORABLE JUSTICES OF THE FOURTH COURT:

Bexar County, Texas and Sheriff Ralph Lopez, appellees in this cause, move the court to dismiss this appeal:

## I.

1. This is an appeal from a judgment of the 57th District Court of Bexar County, Texas, which was signed on December 5, 2011. This appeal arises from Trial Court No. 2005-CI-18884. This same trial court case was appealed to this court and dismissed for lack of jurisdiction on May 8, 2013 in *Rodarte v. Bexar County*, 2013 Tex. App. LEXIS 5576 (Tex. App. San Antonio May 8, 2013). That opinion was appealed to the Texas Supreme Court and petition for review was denied on September 27, 2013 in case number 13-0388 at *Rodarte v. Bexar County*, 2013 Tex. LEXIS 812 (Tex. Sept. 27, 2013) with a motion for rehearing denied at *Rodarte v. Bexar County*, 2013 Tex. LEXIS 1027 (Tex. Dec. 6, 2013).

## II.

2. Therefore, appellees ask that this court dismiss this matter based on either or both of the two legal principles below.

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp. ex rel Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). It requires proof of

three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).* All three elements are met here. Because Rodarte previously raised or could have raised the same claims raised here, the previous judgment and dispositions in this court and the Texas Supreme Court preclude its relitigation here.

"Law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Loram Maintenance of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006). Under the doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). The doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency through narrowing the issues at successive stages of litigation. *Id.* "The doctrine is based on public policy and is aimed at putting an end to litigation." *Id.* "Application of the doctrine lies within the discretion of the court, depending upon the particular circumstances surrounding [the] case." *Id.*; see also *LeBlanc v. State*, 826 S.W.2d 640, 644 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd) (stating that appellate courts have discretion to depart from "law of the case" doctrine in exceptional circumstances).

2

The doctrine has been held to apply "to implicit holdings, i.e., conclusions that are logically necessary implications of positions articulated by the court, as well as explicit ones." *Intern. Fidelity Ins. Co. v. State*, No. 14-98-00324-CR, 2000 Tex. App. LEXIS 3752, 2000 WL 729384 (Tex. App.--Houston [14th Dist.] June 8, 2000, pet. ref'd) (not designated for publication) (citing *Alberti v. Klevenhagen*, 46 F.3d 1347, 1351 n.1 (5th Cir. 1995)).

Law of the case should apply to this matter since all of the issues raised by appellant have been addressed by this court in the previous appeal. Appellant has presented no exceptional circumstances to depart from the law of the case doctrine and have this case proceed. Appellant simply is unsatisfied with the previous result and continues to abuse the court system by filing a subsequent appeal and lower court proceedings over a matter previously decided by the trial court, this Court and the Texas Supreme Court.

## III.

Appellees would also request the Court admonish appellant to stop filing frivolous pleadings in this court and below. His case has been finally determined and he is wasting the Court's resources and those of the Bexar County, Texas taxpayers' by continually pursuing this matter.

## IV.

THEREFORE, FOR THE REASONS STATED ABOVE, appellees, Bexar County, Texas and Sheriff Ralph Lopez request that the Court enter an order dismissing this matter and admonishing appellant.

Respectfully submitted,

/s/ Clarkson F. Brown
Clarkson F. Brown
State Bar No. 00798082
Assistant Criminal District Attorney
-Civil Division
101 W. Nueva, Suite 735
San Antonio, Texas 78205-3030
Telephone: (210) 335-3918
Telecopier: (210) 335-2773
Attorney for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent by certified mail on this the 13th day of July, 2015, to the following:

John E. Rodarte Sr.                    CMRRR # 7014 1200 0001 2586 7615
TDCJ 1263270
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606
Pro Se

/s/Clarkson F. Brown
Clarkson F. Brown

4