

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-15-00712-CV

Sergio **ALANIS**, Sr. and Maria Guadalupe Alanis,
Appellants

v.

Ana Lisa **GARZA**,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-00-328
Honorable Federico Hinojosa, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  October 5, 2016

REVERSED AND REMANDED

On February 15, 2002, appellant, Sergio Alanis, who proceeded *pro se* below and on appeal, filed suit against Jesus Maria Alvarez and Alvarez & Associates (collectively, "Alvarez"). Alanis alleged Alvarez, who had represented him in various legal matters since 1991, (1) breached a fiduciary duty to him by unlawfully taking and conveying Alanis's real property, and (2) fraudulently concealed the conversion of the property. Alanis asserted he did not become aware of the conveyance until December 1, 1999. Alanis served Alvarez on February 25, 2002. On

January 8, 2010, appellee Ana Lisa Garza intervened asserting she was the current legal owner of the real property by virtue of a conveyance from Jesus Alvarez.

In separate motions, Alvarez and Garza moved for summary judgment on the affirmative defense of limitations. Alvarez and Garza argued Alanis's suit was barred by the applicable four-year statute of limitations, and Alanis failed to use due diligence to obtain service prior to expiration of the statute of limitations. The trial court granted Garza's motion in an interlocutory order and later granted both motions in a final judgment.

On appeal, this court reversed the trial court's final summary judgment and remanded the case. This court concluded Alanis raised the application of the discovery rule in his complaint and asserted the discovery rule in his response to the motions for summary judgment. "However, in their summary judgment motions, neither Alvarez nor Garza attempted to negate the discovery rule. Therefore, they were not entitled to summary judgment as a matter of law on their affirmative defense of limitations." *Alanis v. Alvarez*, 04-12-00517-CV, 2013 WL 5570418, at \*2 (Tex. App.—San Antonio Oct. 9, 2013, no pet.).

On remand, Garza filed another motion for summary judgment identical to the motion for summary judgment she filed previously and on which this court reversed the trial court's judgment. In the second motion for summary judgment, Garza presented no new argument pertaining to the discovery rule, nor did she present any new evidence. Alanis responded by asserting the discovery rule and argued this issue was already determined by this court. Nevertheless, the trial court granted Garza's motion for summary judgment and granted Garza's motion to sever.

Alanis appeals the trial court's granting of Garza's identical motion for summary judgment, asserting this court has already determined the substantive issues and concluded a fact issue exists whether the discovery rule applies. Garza responds only with argument pertaining to the

substantive merits of her motion for summary judgment, that is, Alanis's failure to exercise due diligence to procure service prior to expiration of the statute of limitations.

This court has already determined the trial court erred by granting Garza's motion for summary judgment because a fact issue exists whether the discovery rule applies, and therefore, Garza is not entitled to summary judgment as a matter of law on her affirmative defense of limitations. Under the law of the case doctrine, questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). By narrowing the issues for successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Id.* Thus, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. However, certain exceptions apply, and application of the doctrine falls within the discretion of the court, depending on the particular circumstances surrounding a case. *Id.* Further, the doctrine does not necessarily apply when either the issues or the facts presented in successive appeals are not substantially the same as those involved on the first trial. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)

Garza has not asserted that an exception to the law of the case doctrine applies under the particular circumstances of this case, and we find none. The issues and facts presented to the trial court in Garza's second motion for summary judgment and on this successive appeal are identical to those in the first motion for summary judgment and previous appeal. Therefore, this court's previous determination is the law of the case, and may not be challenged through the subsequent motion for summary judgment and this appeal.

Accordingly, we reverse the trial court's summary judgment and remand for further proceedings.

Jason Pulliam, Justice