

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00185-CV

MARK DAVIS, APPELLANT

V.

HIGHLAND CORYELL RANCH, LLC, APPELLEE

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. D12-21464-CV, Honorable James E. Lagomarsino, Presiding

June 18, 2019

OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Again, we are asked to decide whether Mark Davis, a former member of Highland Coryell Ranch, LLC, may peruse various books and records of the company.[1] The parties initially broached the issue to us via an appeal from a summary judgment favoring Highland. *See Davis v. Highland Coryell Ranch, LLC,* No. 07-15-00269-CV, 2016 Tex. App. LEXIS 3138 (Tex. App.—Amarillo Mar. 18, 2018, pet. denied) (mem. op.). Due to

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

the absence from the summary judgment record of pertinent company records, though, we were unable to provide them a substantive answer. *Id.* at *4–5 (stating that "[t]he summary judgment record before us does not contain the 'governing documents' of Highland. Without them, the trial court could not hold that Highland established, as a matter of law, that Davis was unentitled to view the records."). Upon remand, Highland filed a second summary judgment motion. Attached to it were the governing documents alluded to in our first opinion. The trial court granted the motion, thereby denying Davis opportunity to review the documents and disposing of his suit to access them. We reverse.

*Law of the Case*

A preliminary matter before us concerns the doctrine of law of the case. Davis argues that, through our prior opinion, we held that the statutes in play entitled him, as a matter of law, to review the records. Thus, our purported holding allegedly constitutes the law of the case, controls the outcome here, and requires reversal without further comment. We disagree.

Per the doctrine of law of the case, questions of law decided on appeal to a court of last resort generally govern the case throughout its subsequent stages. *State v. Riemer*, No. 07-18-00002-CV, 2019 Tex. App. LEXIS 1801, at *5 (Tex. App.—Amarillo Mar. 7, 2019, no pet.). In other words, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). Reconsideration of issues is not absolutely barred, however. *Id.* Indeed, whether to apply the doctrine is a discretionary matter. *Id.*; *Riemer,* 2019 Tex. App. LEXIS 1801, at *5. Examples of when discretion may be

2

exercised legitimately to forgo application of the doctrine include situations where either the issues or facts presented in successive appeals substantially differ from those presented earlier, *see Riemer,* 2019 Tex. App. LEXIS 1801, at *5–6, and where the prior decision was clearly wrong. *See Briscoe,* 102 S.W.3d at 716–17. Highland argues, among other things, that if we did interpret the relevant statutes in a manner favorable to Davis, then we were clearly wrong. That, at the very least, is a sufficient reason to forgo the doctrine's application here. Simply put, a wrong decision is subject to correction.

Additionally, our resolution of the prior appeal revolved around whether Highland established its entitlement to summary judgment as a matter of law based on the summary judgment record before the trial court. Though we alluded to statutes there that have continued relevance here, the central debate here differs from that there. As we observed in our initial opinion, the statutory definitions in play here were not cited or addressed by either party there. *Davis,* 2016 Tex. App. LEXIS 3138, at *3. So, the issue now before us differs in a substantive way.

Given the foregoing circumstances, the doctrine raised by Davis does not control. We may proceed to substantively address that which neither party did previously.

*Former Member and Business Records*

Next, Highland is a limited liability company. Furthermore, no one disputes that Davis was one of two original members. Nor do the litigants dispute that he relinquished his interest in the company in 2005. *Davis,* 2016 Tex. App. LEXIS 3138, at *1. Furthermore, Davis requested of Highland various business records developed by the company while he was a member. *Id.* It apparently provided some but not others, and Davis sued to obtain those that were not given him. Highland moved for summary

judgment, contending that, as an ex-member of the business, he had no right to them. The sole issue before us involves the right, if any, of a former member of a limited liability company to business records of the company. That is, can he be denied access simply because he is not a current member of the company?

Per § 101.502(a) of the Texas Business Organizations Code, a "**member** of a limited liability company or an assignee of a membership interest . . . or a representative of the member or assignee, on written request and for a proper purpose, may examine and copy at any reasonable time and at the member's or assignee's expense . . . [both] records required under Sections 3.151 and 101.501 . . . and . . . other information regarding the business, affairs, and financial condition of the company that is reasonable for the person to examine and copy." TEX. BUS. ORGS. CODE ANN. § 101.502(a)(1), (2) (West 2012) (emphasis added); *Davis*, 2016 Tex. App. LEXIS 3138, at *2. Section 3.153 of the same Code further provides that "[e]ach **owner or member** . . . may examine the books and records of the filing entity maintained under Section 3.151 and other books and records . . . to the extent provided by the governing documents of the entity and the title of this code governing the filing entity." TEX. BUS. ORGS. CODE ANN. § 3.153 (West 2012); *Davis*, 2016 Tex. App. LEXIS 3138, at *2.

The same Code also defines a "member" of a limited liability company as "a person who *is a member* or *has been admitted as a member* in the limited liability company under its governing documents." TEX. BUS. ORGS. CODE ANN. § 1.002(53)(A) (emphasis added).[2]

---

[2] When used in reference to a limited liability company, "owner" is defined as "a member." TEX. BUS. ORGS. CODE ANN. § 1.002(63)(C) (West Supp. 2018).

As can be seen from these provisions, the right to peruse the business records of a limited liability company is generally dependent upon membership in or being a "member" of the company. Furthermore, one is such a "member" if he "is a member" or "has been admitted as a member" under the company's governing documents. One recalling lessons from high school English classes would interpret the phrase "is a member" as denoting a present verb tense, that is, a verb tense requiring the person to be an existing member of the company. Davis does not fall within that category given his relinquishment of his interest in Highland years ago.

The debate here focuses upon whether the phrase "has been admitted as a member" encompasses a person who once was but no longer is a member. Davis says "yes," while Highland says "no." Again, harkening back to high school English would lead one to categorize "has been" as the present perfect tense of the verb "to be." Additionally, the present perfect tense of a verb is susceptible to use in several different situations. It could refer to a past action that continues. For instance, the sentence "she has gone to the store" denotes the departure of a person who remains absent. In this sense, "has been admitted as a member" of a limited liability company could mean that the person was admitted sometime in the past and remains a member.

Present perfect tense may also describe a past action that simply occurred at some time or another without continuing effect. For example, let us envision Jim, Jack, and Joe talking over a cup of coffee. Let us also picture Jim asking Jack if Joe ever lost his car keys. Jack may answer: "Yes, Joe has lost his car keys." In so replying, Jack is not suggesting that Joe's keys remain lost, but only that he lost them in the past at some time or another. In that sense, "has been admitted as a member" of a limited liability company

5

could mean that the person was admitted at some time or another in the past without requiring that his status as a member continues.

Highland would have us adopt the former reading of "has been admitted as a member" and thereby require continuing membership when the request for records is made. Yet, our doing so would lead us to violate a rule of statutory construction. That rule obligates us to afford meaning to each word of a statute. *See In re Office of the Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding). To the extent that the legislature here incorporated the phrases "is a member" and "has been admitted as a member" into the meaning of "member" then each passage must be given effect. Highland's interpretation does not do that.

If "has been admitted as a member" requires that membership continue, as Highland suggests, then that is little more than saying the person "is a member" of the entity. The first category of the definition provided in § 1.002(53)(A) would engulf the second. The word "member," in that scenario, would be "a person who is a member or has been admitted as a member [and is a member]." In other words, the member would have to be a member or someone who is a member because he was admitted as a member. Confusing? It certainly is. In either scenario, he would be a member, and we would be left to wonder why the legislature would define "member" as "a member" of the company and "a member" of the company because he was admitted to the company as a member. In effect, our adopting Highland's suggestion would render the passage "has been admitted as a member" redundant. That we cannot do under *In re Office of the Attorney General.*

6

Instead, we give the passage meaning by treating it in the present perfect tense referring to an action or event that occurred at one time but is not necessarily continuing. This would result in defining "member" as encompassing both one who "is a member" and one who once was admitted as a member at some time or another but who no longer is such. Indeed, the words "has been admitted as a member" literally encompass as much, and "[w]e take the Legislature at its word." *In re Office of the Att'y Gen.*, 422 S.W.3d at 629. The text is unambiguous and, therefore, determinative. *See id.* (stating that "[b]ecause the statute itself is what constitutes the law, we have held that unambiguous text equals determinative text" barring absurdity).

Nor would it be absurd to so construe § 1.002(53)(A). It does not open the door to past members of a limited liability corporation being able to obtain whatever record the company may have irrespective of the time the record was developed. Rather, the legislature curtailed that likelihood by inserting into § 101.502(a) certain restrictive language. It imposed upon the member requesting documents to do so "for a proper purpose." Tex. Bus. Orgs. Code Ann. § 101.502(a). That means the past member would have to show a "proper purpose" for requesting business records unrelated to his tenure as a member; he cannot have them just because he wants them.[3]

We further note another consideration supporting our construction of § 1.002(53)(A). Section 101.054 of the Code describes instances when the limited liability company's governing document may deviate from statutory edict. Subsection

---

[3] While Highland's brief can be read as raising the specter of "proper purpose" and whether Davis mentioned one, that was not a ground upon which it sought summary judgment. Being omitted from the motion, we cannot use it as a basis to affirm. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion.").

101.054 prohibits that document or "company agreement" from "*unreasonably* restrict[ing] a person's right of access to records and information under Section 101.052." *Id.* § 101.054(e) (West Supp. 2018) (emphasis added). The passage denotes a legislative desire to forgo undue or excessive restriction on rights of access. If we were to adopt Highland's position, then no past member of the company could obtain its business records even if that ex-member had a "proper purpose" for seeking them.[4] It would not take much to perceive an utter prohibition to those records as an unreasonable restriction. To that we observe the use of the word "person" in § 101.054(e), as opposed to "member." The definition of same provided us in the Business Organizations Code comprises a category of individuals and entities much larger than mere "members" of the LLC. *See* TEX. BUS. ORGS. CODE ANN., § 1.002 (69-b) (West Supp. 2018) (defining "person" as meaning "an individual or a corporation, partnership, limited liability company, business trust, trust, association, or other organization, estate, government or governmental subdivision or agency, or other legal entity, or a series of a domestic limited liability company or foreign entity"). Using such an expansive term in place of the more restrictive

---

[4] Indeed, a potential proper purpose for an ex-member retaining some right to access corporate records is exemplified in one of the statutes cited by the dissent. It mentions that a portion of § 101.111 of the Business Organizations Code would be made redundant if the definition of members were to include those admitted at one time or another under the agreement but who had assigned their interest to another. The provision in question, § 101.111(a) provides that an assignor remains a member until the assignee becomes a member. TEX. BUS. ORGS. CODE ANN. § 101.111(a) (West 2012). "If . . . former members remain members . . . that provision is unnecessary," according to the dissent. Yet, per subparagraph (b), that same assignor "is not released from the assignor's liability to the company, regardless of whether the assignee of the membership interest becomes a member of the company." *Id.* § 101.111(b). As can be seen, ex-members may have certain continuing liabilities to the company. If Highland's (and the dissent's) position were adopted, then that ex-member could not obtain documents or records relevant to that liability or its extent. We question whether it would be farfetched to envision a scenario where current management of a LLC tells the ex-member: "our calculations indicate you owe the LLC X dollars and you have no right to look at the business records to check our math." Experience indicates that such is a possibility, if not probability, when a business relationship ends in acrimony sometimes reminiscent of a divorce. It may well be that Highland was right when positing at oral argument that the ex-member could always obtain needed business records via the initiation of legal proceedings. Our interpretation of an ex-member's right to business documents relegates the judicial option to the end position of options available. The interpretation of Highland and the dissent makes it the first.

"member" or "members" tends to suggest a legislative intent favoring a grant of access to more than just current members of the LLC.

The dissent characterizes our opinion here as "a 'once a member, always a member' concept" and concludes that such a concept "is foreign to our state's LLC statute and runs directly contrary to many of its provisions." Yet, how foreign is it when 1) practitioners opine that the company is required to provide "Members and former Members access to the Company's books and records pursuant to § 3.151, 3.152, and 3.153" of the Business Organizations Code, *e.g.* Frank Z. Ruttenberg, *Formation and Governance Issues in Company Agreements,* State Bar of Tex. Prof. Dev. Program, 14th Annual Choice, Governance & Acquisition of Entities Course ch. 2.2, at 34 (2016), or 2) the same statute expressly states that "[a] member of a limited liability company **may not withdraw** or be expelled from the company." TEX. BUS. ORGS. CODE ANN. § 101.107 (emphasis added).[5] We do not purport to generally say that once an entity or person becomes a member it is always a member for all purposes as the dissent insinuates and irrespective of whatever the legislature may have meant when stating that a member may not withdraw. No doubt, certain ties remain, as exemplified in § 101.111(b) when addressing a member's continued liability to the company upon assignment of the member's interest. Our opinion simply recognizes and addresses the continuation of **one** such limited tie when it comes to those who relinquished their interest in the company yet seek access to business records for a proper purpose.

---

[5] Section 101.107 of the Code invokes images of Michael Corleone's frustration when saying "[j]ust when I thought I was out, they pull me back in!" *The Godfather, Part III* (1990).

9

Years ago, a famed rock and roll band sang, "I'm just a soul whose intentions are good. Oh Lord, please don't let me be misunderstood."[6] No doubt the intentions of the Texas legislature were good in enacting the statutes at play here, and we endeavor to not misunderstand what they were. Yet, the juxtaposition of words within a statute do not always result in clarity. Should our disposition of this appeal fall short of capturing what the legislature intended, we would welcome its clarification of the matter.[7] Until it or higher authority intercedes, though, our reading of the relevant statutes controls the dispute between Davis and Highland. And, our reading leads us to conclude that a former member of a limited liability company is not prohibited from accessing business records of the company for a proper purpose simply because he is not a member at the time of the request. No one is free to read into our decision more than what is there. We do not intend it to cover more than the specific topic broached by Davis and Highland in this appeal. Nor may either party construe it as mandating that Davis must be afforded the records he seeks; the relevant statutes impose other criteria that must be satisfied, such as a proper purpose underlying the request.

Because the trial court erred in granting summary judgment upon the limited ground posed by Highland, we reverse it and remand the cause.


Brian Quinn
Chief Justice

---

[6] THE ANIMALS, *Don't Let Me Be Misunderstood, on* ANIMAL TRACKS (American version) (MGM Sept. 1965).

[7] To that extent, we welcome a dissent here which may bring with it an enhanced likelihood of garnering intervention and clarification by our Supreme Court.