**Opinion filed November 30, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00364-CV

_____

## SHELDON JOHNSON ET AL., Appellants

## V.

## SCHLUMBERGER TECHNOLOGY CORPORATION, THE DOW CHEMICAL COMPANY, AND LEAR CORPORATION, Appellees

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV48034**

## M E M O R A N D U M   O P I N I O N

Appellants are over three hundred individuals who sued Schlumberger Technology Corporation (Schlumberger), Dow Chemical Company (Dow), and Lear Corporation (Lear) in 2011 (collectively Appellees). In two issues, Appellants challenge the trial court's dismissal of their case. Both of Appellants' issues were

decided adversely to them in a previous mandamus action filed in this court.[1]  *See In re Schlumberger Tech. Corp.*, No. 11-19-00204-CV, 2019 WL 5617632 (Tex. App.—Eastland Oct. 24, 2019, orig. proceeding).  We conclude that our prior decision is the law of the case, and we therefore affirm the judgment of the trial court for the reasons set forth in our prior opinion.

*Factual and Procedural History*

This case has a unique factual and procedural history, but because our 2019 opinion discusses the facts of this case in detail, we limit our recitation here.  *See id.* at \*1–3.  In 2009, the Texas Commission on Environmental Quality tested the groundwater underneath the Cotton Flat community in Midland and discovered that it was contaminated with hexavalent chromium.  The Environmental Protection Agency subsequently designated the area as a "Superfund Site."

During the pendency of the underlying proceedings, the parties entered a Rule 11 agreement, and pursuant to that agreement, the trial court entered an abatement order that allowed either party to move for dismissal if the EPA did not make written findings, by April 15, 2019, that Schlumberger or Dow was a source of contamination.[2]

---

[1]Appellants acknowledge that their arguments in this appeal "largely mirror" their arguments in the mandamus proceeding.

[2]The abatement order provided in relevant part as follows:

1. If the [EPA] makes a written finding on or before April 15, 2019 that [Schlumberger] or [Dow] is a source in whole or in part of the hexavalent chromium contamination in the Cotton Flat community in Midland, Texas, [Appellants] may re-open the case if they make such a motion on or before 60 days from the date of the EPA's written finding.  If [Appellants] fail to move to re-open the case on or before 60 days from the date of the EPA's written finding, this Court shall dismiss this litigation on the motion of any party.

2. If the EPA does not make a written finding that [Schlumberger] or [Dow] is a source in whole or in part of the hexavalent chromium contamination in the Cotton Flat community in Midland, Texas on or before April 15, 2019, this Court shall dismiss this litigation on the motion of any party.

3.  [Appellants] may non-suit their claims at any time.

On April 16, 2019, Appellees moved for dismissal and the trial court denied the motion. Schlumberger and Dow then petitioned this court for mandamus relief. We conditionally granted mandamus relief and directed the trial court to vacate its previous order and to enter an order dismissing the case. The trial court did so, and Appellants now appeal from the dismissal.

*Analysis*

Appellants raise two issues for our review. First, Appellants contend that the language of the Rule 11 agreement and resulting abatement order was ambiguous and contrary to the parties' intent. Second, Appellants assert that the trial court erred in enforcing the Rule 11 agreement as a "purely ministerial act" rather than evaluating the agreement according to general contract principles.

We agree with Appellants' contention that their issues in this appeal mirror the same issues decided by this court in the mandamus proceeding. In the petition for mandamus, Schlumberger and Dow alleged that the trial court abused its discretion by failing to enforce the abatement order. They specifically alleged that the abatement order was not ambiguous, that it represented a valid agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure, that the parties' agreement was set out in the abatement order, and that the trial court had a ministerial duty to enforce the abatement order as written. *See Schlumberger*, 2019 WL 5617632, at *3. Appellees now argue that because Appellants' issues in this proceeding mirror those already decided in the mandamus, the "law of the case" doctrine applies.

Under the "law of the case" doctrine, the ruling of an appellate court on a question of law raised on appeal will be considered the law of the case in any subsequent proceeding unless clearly erroneous. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). This doctrine only applies if the issues of law and fact are substantially the same in the first and second proceedings. *See Hudson v.*

*Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Functionally, the doctrine narrows the issues in subsequent stages of the litigation, thus achieving uniformity of decision and judicial economy and efficiency. *Id.* The "[a]pplication of the doctrine lies within the discretion of the court" and depends on the circumstances of the case. *Briscoe*, 102 S.W.3d at 716. When an original decision is clearly erroneous, the doctrine does not bind the decision of the court. *See In re United Servs. Automobile Ass'n*, 521 S.W.3d 920, 927 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (citing *Briscoe*, 102 S.W.3d at 716).

"Although an original proceeding is not an 'appeal,' the law of the case doctrine applies when an issue has been resolved on the merits in a prior mandamus proceeding, even though it does not proceed to a court of last resort or the issues raised have not been resolved by a court of last resort." *Id.* at 927–28 (collecting cases). Absent a clearly erroneous decision, if the appellate court resolves a question of law in a mandamus proceeding, that determination is the law of the case. *Id.* at 928; *see Briscoe*, 102 S.W.3d at 716 (clearly erroneous decisions not binding under the law of the case doctrine); *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 20–21 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) (absent new facts, analysis, or argument, appellate court did not need to reconsider issues resolved in previous mandamus).

In our 2019 opinion, we held that the Rule 11 agreement and the subsequent abatement order were, as "a matter of law," unambiguous. *See Schlumberger*, 2019 WL 5617632, at *6. Appellants now contend, in their first issue, that the language of the Rule 11 agreement was ambiguous. Having resolved this question of law on the merits in the prior mandamus proceeding, we find that the law of the case doctrine applies, and our prior determination is binding. *See URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 763 (Tex. 2018) (whether a contract is ambiguous is a question of law). Accordingly, we overrule Appellants' first issue.

4

Appellants state their second issue as follows: "[w]hether an ambiguous Rule 11 agreement should have been enforced as a "purely ministerial act" or evaluated in accordance with general contract principles." Appellants are asserting that the trial court was under no ministerial duty to enter the abatement order because the Rule 11 agreement was ambiguous and unenforceable. Appellants contend that in our 2019 opinion, we erroneously relied upon *Shamrock Psychiatric Clinic, P.A. v. Texas Department of Health & Human Services*, 540 S.W.3d 553, 560 (Tex. 2018), for the proposition that the trial court had a ministerial duty to enforce the parties' Rule 11 agreement.

Implicit in Appellants' argument is the contention that the Rule 11 agreement was ambiguous—an issue already adversely decided to Appellants. In our 2019 opinion, we held that the trial court had abused its discretion in failing to grant the motion to dismiss that was filed by Schlumberger and Dow and joined by Lear. *Schlumberger*, 2019 WL 5617632, at *7. We analyzed the Rule 11 agreement and we determined that it was unambiguous and enforceable. *Id.* at *4–7. We further held that the trial court "did not have the inherent power to reconsider the Abatement Order because it memorialized the parties' Rule 11 agreement." *Id.* at *6 (citing *Shamrock*, 540 S.W.3d at 560). Because we have already determined as a matter of law that the parties' Rule 11 agreement was unambiguous and enforceable, the law of the case doctrine applies. *See United Servs. Automobile Ass'n*, 521 S.W.3d at 927–28. Accordingly, we overrule Appellants' second issue.

Finally, Appellants assert in their reply brief that we have the ability to reconsider our prior ruling in the mandamus proceeding. We decline to do so.

*This Court's Ruling*

We affirm the order of dismissal of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


November 30, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.