# Supreme Court of Texas

No. 23-0858

City of Houston,
*Petitioner*,

v.

Maria Christina Gomez,
*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

Justice Busby did not participate in the decision.

While responding to an armed robbery in a police cruiser, a City of Houston police officer collided with another motorist, who sued the City for the officer's negligence. Whether the Texas Tort Claims Act's emergency exception preserves the City's immunity from this suit turns on whether the officer's actions were "taken with conscious indifference or reckless disregard for the safety of others." TEX. CIV. PRAC. & REM. CODE § 101.055(2). The court of appeals held there was a fact question as to whether the officer acted recklessly. We disagree. Applying this

Court's precedents, we conclude the evidence demonstrates, at most, a momentary lapse of judgment amounting to ordinary negligence, and there was thus no fact issue as to the officer's recklessness. Accordingly, we reverse the court of appeals' judgment and render judgment dismissing the motorist's claim.

## I

On the morning of Christmas Eve 2011, Officer Bobby Joe Simmons of the Houston Police Department was on patrol in his marked police vehicle when dispatch reported an armed robbery in progress. Due to heavy rain, this incident was downgraded to a "Priority Two" call, which leaves to the officer's discretion whether to activate his emergency lights, siren, or both. Simmons testified by affidavit that he turned on his emergency lights, but there was some evidence to the contrary. It is undisputed that he did not engage his siren. It is also undisputed that there was "moderate" traffic and the streets were wet.

On his way to the scene, Simmons never exceeded the posted speed limit of thirty-five miles per hour. He testified that as he approached the intersection where he collided with another car, he reached down to raise the volume on his police radio. When he looked up again, the traffic light ahead of him had turned yellow. Simmons immediately applied his brakes, but his car slid into the intersection due to the wet road. Maria Christina Gomez was driving through the intersection at the time, and the front left of her vehicle collided with the front right of Simmons's police car. Gomez testified by affidavit that her light was green when she entered the intersection. Following an internal investigation, Simmons received a departmental reprimand for

being "at fault," which he did not contest, but he was not cited for violating any traffic law.

Gomez sued the City for negligence, seeking damages for her alleged injuries. The City filed a plea to the jurisdiction, arguing that it retained immunity based on the Texas Tort Claims Act's "emergency exception," found in Section 101.055(2) of the Civil Practice and Remedies Code.[1] That exception provides that the Act does not apply, and thus immunity is not waived, for claims arising out of a governmental employee's actions while responding to an emergency call if those actions are without "conscious indifference or reckless disregard for the safety of others." *Id.* The trial court granted the City's plea, and Gomez appealed.

The court of appeals issued a panel opinion reversing the judgment, then granted en banc reconsideration and reversed again. *Gomez v. City of Houston* (*Gomez I*), 587 S.W.3d 891, 896, 903 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (en banc). With respect to the emergency exception, a majority of the divided en banc court concluded that a material issue of fact existed as to whether Simmons

---

[1] The City separately argued that Simmons was entitled to official immunity, and therefore the City's immunity was not waived, because Simmons was performing a discretionary duty in good faith and within the scope of his authority. *See City of Houston v. Rodriguez*, 704 S.W.3d 462, 468 (Tex. 2024) ("[T]he governmental employer's immunity is not waived if its employee is protected by official immunity."); TEX. CIV. PRAC. & REM. CODE § 101.021(1)(B) (providing that immunity is waived for motor vehicle accidents only if "the employee would be personally liable to the claimant according to Texas law"). Given our disposition, we need not consider this alternative argument.

3

acted recklessly. *Id.* at 903; *see id.* at 904 (Jewell, J., dissenting) (concluding there was no evidence of recklessness).

On remand, the City supplemented its plea to the jurisdiction with a new affidavit supporting its argument that Simmons acted in good faith and therefore was entitled to official immunity. This time, the trial court denied the City's plea, and the City filed an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). In addition to asserting that the new affidavit established Simmons's good faith for purposes of official immunity, the City again argued that there was no fact issue on recklessness, pointing to this Court's opinion in *City of San Antonio v. Maspero*, 640 S.W.3d 523 (Tex. 2022), which was decided after *Gomez I*. The court of appeals affirmed, concluding that *Gomez I* was the law of the case with respect to the emergency exception and that *Maspero* "was based on the facts in that case and does not affect this court's holding based on the facts in today's case." 693 S.W.3d 523, 532 (Tex. App.—Houston [14th Dist.] 2023). The City petitioned for review.

## II

We review the denial of a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If there is no disputed fact issue as to the relevant evidence, the court must rule on the plea as a matter of law. *Id.* As with motions for summary judgment, we credit evidence and draw all reasonable inferences in favor of the nonmovant. *Id.*

The City—as a political subdivision of the state—is "immune from suit unless [its] immunity is waived by state law." *City of Austin v. Powell,* 704 S.W.3d 437, 448 (Tex. 2024) (alteration in original) (quoting

4

*Maspero*, 640 S.W.3d at 528). Accordingly, the "foundational rule" governing this case is that "[a] party suing the governmental unit bears the burden of affirmatively showing waiver of immunity." *Id.* at 447 (alteration in original) (quoting *Maspero*, 640 S.W.3d at 528). The plaintiff—as nonmovant—can survive the defendant's plea to the jurisdiction "only by showing that the statute 'clearly and affirmatively waive[s] immunity' and by also 'negating any provisions that create exceptions to, and thus withdraw, that waiver.'" *Id.* (alteration in original) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023)).

The Texas Tort Claims Act waives the City's immunity for certain torts. As relevant here, the Act waives immunity when a governmental employee proximately causes injury or death "aris[ing] from the operation or use of a motor-driven vehicle or motor-driven equipment." TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). But this waiver is not absolute. The Act withdraws the waiver of immunity when the "injury arises from an officer's response to an emergency call or reaction to an emergency situation." *Powell*, 704 S.W.3d at 449. Specifically, the Act provides that its waiver of immunity

> does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others . . . .

TEX. CIV. PRAC. & REM. CODE § 101.055. As we recently explained, this emergency exception "withdraws the waiver of immunity *unless* (1) the

5

officer did not comply with 'the laws and ordinances applicable to emergency action,' or (2) in the absence of such laws, the officer acted 'with conscious indifference or reckless disregard for the safety of others.'" *Powell*, 704 S.W.3d at 449 (quoting TEX. CIV. PRAC. & REM. CODE § 101.055(2)).

The Transportation Code provides a statutory standard for recklessness. A motorist commits the offense of "reckless driving" when he "drives a vehicle in wilful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE § 545.401(a). In *Maspero*, we affirmed that recklessness for purposes of the emergency exception likewise involves a "willful or wanton disregard" for the safety of others. 640 S.W.3d at 531 (quoting TEX. TRANSP. CODE § 545.401(a)). We observed that this recklessness standard requires "conscious indifference" or "subjective awareness of an extreme risk." *Id.* (quoting *Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019)). We further concluded that the officer in that case did not demonstrate recklessness despite speeding during a car chase. *Id.* at 531-32.

The following term, we revisited *Maspero*'s recklessness standard in *City of Houston v. Green*, 672 S.W.3d 27 (Tex. 2023). The facts of *Green* resemble those in this case: an officer responding to a Priority Two call proceeded through a red light and collided with another vehicle. *Id.* at 28-29. The City moved for summary judgment based on the emergency exception. *Id.* at 29. The lower courts denied summary judgment, but this Court reversed, concluding there was no fact issue as to whether the officer was driving with reckless disregard. *Id.* at 31. Echoing *Maspero*, we held in *Green* that reckless disregard "involves

6

more than a 'momentary judgment lapse.'" *Id.* at 30 (quoting *Maspero*, 640 S.W.3d at 531). Despite fact disputes regarding whether the officer was speeding or had activated his siren, no evidence supported a conclusion that the officer acted recklessly. *Id.* at 31.

More recently, we held in *Powell* that evidence of mere inattentiveness does not establish recklessness. 704 S.W.3d at 460. In that case, an officer lost control of his vehicle during a high-speed chase and collided with a vehicle stopped at an intersection. *Id.* at 445. We concluded that even if the evidence established that the officer was inattentive, such evidence "would amount only to ordinary negligence." *Id.* at 460. "Failure to pay attention," we observed, "is a paradigmatic example of *negligence* and does not by itself constitute *reckless* conduct." *Id.*

### III

Our analysis under the emergency exception proceeds in two steps. First, we resolve whether the conduct of Officer Simmons, who was responding to an emergency call, complied with the laws and ordinances applicable to emergency action. *See id.* at 452. Importantly, no party disputes in this Court that Simmons was responding to an emergency when the accident occurred. Nor does Gomez contend that the emergency exception does not apply because Simmons violated an applicable law. We therefore proceed to *Powell*'s second inquiry: whether Simmons acted "with conscious indifference or reckless disregard for the safety of others." *Id.* at 449 (quoting TEX. CIV. PRAC. & REM. CODE § 101.055(2)).

Applying our precedents, we hold that Gomez failed to raise a fact question regarding Simmons's recklessness. Viewing all evidence in Gomez's favor, as we must, we conclude that Simmons's actions amount to no more than ordinary negligence. Though evidence that Simmons reached down to adjust his radio suggests that he might have momentarily acted without due care, as the dissenting justice in the court of appeals correctly noted, "establishing a failure to exercise due care does not establish a reckless disregard for the safety of others." 693 S.W.3d at 538 (Wilson, J., dissenting) (citing *Green*, 672 S.W.3d at 31). At worst, Simmons's actions can be characterized as a momentary lapse of judgment or inattentiveness, not willful or wanton disregard for the safety of his fellow Houston motorists.

It is undisputed that Simmons was not driving above the speed limit and that he applied his brakes before entering the intersection. And because Simmons enjoyed discretion about whether to activate his emergency lights, any dispute over whether he did so cannot demonstrate *recklessness*. *See Green*, 672 S.W.3d at 31 ("[A]ssuming as we must that [the officer] failed to activate his siren before entering the intersection, department policy placed that decision within his discretion."). Examining the evidence as a whole, we conclude that Simmons's actions do not approach the level of conscious indifference required to establish recklessness. The evidence could, at most, support a finding that Simmons was negligent, but this is insufficient to waive immunity. *Powell*, 704 S.W.3d at 460.

In concluding otherwise, the court of appeals committed two distinct errors. First, it discarded *Maspero* by distinguishing it on its

8

facts. 693 S.W.3d at 532. Cases involving police vehicular accidents are highly fact-intensive, to be sure. *See Powell*, 704 S.W.3d at 454 (stating that "the very nature of emergency action . . . calls for split-second, fact-specific decisions in unpredictable situations"). But the factual differences between this case and *Maspero* do not obviate the need to apply its broader principles. We did just that in *Green*, which issued two months before the court of appeals' opinion in this case. And although the court of appeals did not have the benefit of our decision in *Powell*, that decision only underscores that Simmons's conduct did not meet the standard that the Legislature has determined is required to come within the waiver of immunity for operating motor vehicles.

Second, and relatedly, the court of appeals erroneously determined that it was bound by its decision in *Gomez I* based on law of the case. 693 S.W.3d at 532-33. The law-of-the-case doctrine is discretionary and does not apply when the original decision was clearly erroneous. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716-17 (Tex. 2003). Our decisions in *Maspero* and *Green*, both of which issued after *Gomez I*, should have guided the court's analysis to conclude, contrary to its earlier holding, that there was no material fact issue as to whether Officer Simmons acted with reckless disregard. *See* 693 S.W.3d at 538-39 (Wilson, J., dissenting) (recognizing that *Maspero* and *Green* "conflict[] with" *Gomez I*'s conclusion on recklessness).

## IV

Because there was no disputed fact issue as to Simmons's recklessness, the City's immunity was not waived and its plea to the jurisdiction should have been granted. Accordingly, without hearing

9

oral argument, TEX. R. APP. P. 59.1, we grant the City's petition for review, reverse the court of appeals' judgment, and render judgment dismissing Gomez's claim against the City for lack of jurisdiction.

**OPINION DELIVERED:** June 20, 2025